IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

AT HUNTINGTON

UNITED STATES OF AMERICA,

        Respondent,

V.                                    CRIMINAL NO. 3:02-00149-01
                                        (CIVIL ACTION NO. 3:03-2086)

MELVIN LEE SHARP,

        Movant.

**FINDINGS AND RECOMMENDATION**

        In October of 2002, following consummation of a plea agreement, Melvin Lee Sharp entered a plea of guilty to one of multiple counts of an indictment in which he was charged with aiding and abetting the distribution of cocaine base.  On February 3, 2003, he was sentenced to a term of imprisonment of thirty-seven months to be followed by three years supervised release.  Sharp did not appeal his conviction.  On August 20, 2003, he filed a motion under the provisions of 28 U.S.C. §2255 asserting ineffective assistance of counsel at sentencing based on counsel's failure to "defend [him] against a two point enhancement for obstruction of justice which I was never charged with."  Sharp subsequently amended his motion to include a claim based upon the Court's decision in <u>Blakely</u> v. <u>Washington</u>, 542 U.S. 296 (2004).  The United States has filed a response to the motion, movant has filed a reply and the matter is ready for disposition.

        Following his indictment and arrest, Sharp was released on an unsecured bond with conditions, including a requirement that he avoid all contact with individuals who were potential

witnesses in his case. However, shortly after the United States provided discovery materials to Sharp's counsel in which Angela Walker was identified as a cooperating witness in his case, Sharp visited her residence and sought to have her change her testimony. Based upon this incident, the United States filed a motion to revoke bond, a detention hearing was held, Sharp's bond was revoked and he was ordered detained prior to trial without bond. Based on this same incident it was recommended in the presentence report that Sharp's offense level be increased by two points under the provisions of USSG §3C1.1 for obstruction of justice, a recommendation which was accepted by the court. Sharp has attached to his motion various exhibits, including a statement his investigator took from Angela Walker sometime after the detention hearing and prior to the entry of his guilty plea. The gist of his claim of ineffective assistance of counsel is that the information and statements contained in his motion establish that "Angela Walker committed perjury" at his bond revocation hearing and that counsel should have established that fact at sentencing as part of an objection to the enhancement for obstruction of justice. It is, however, simply not the case that the documentary material attached to the motion provides any real basis for objecting to the obstruction enhancement. Much of the testimony at the bond hearing concerned irrelevant matters.[1] The only significant issue at the hearing involved the question of whether Sharp visited Angela Walker and attempted to persuade her to change her testimony. The statement Sharp's investigator took from Walker after the bond hearing confirms that he did, in perhaps a more persuasive manner than had Walker's testimony at the hearing.[2] While inconsistencies concerning some matters are

---

[1] Testimony concerning visits at the school of Angela Walker's children by unidentified individuals is an example.

[2] In the statement given to the investigator, Walker is quoted as saying that Sharp "came right up on her porch in a very friendly manner and casually asked her to change her story and say

indicated in Sharp's material, the central issue involving his visit to Walker's residence is not called into question, and Sharp's counsel obviously could not have relied on the material he now proffers to support an objection to the enhancement for obstruction of justice. Applying standards established by the Court in Strickland v. Washington, 466 U.S. 668, 688 (1984), it is clear that counsel's representation of movant at sentencing did not fall "below an objective standard of reasonableness."

With respect to Sharp's amendment asserting a right to relief under the Blakely decision, in light of the Court's decision in United States v. Booker, 543 U.S. 220 (2005) and the decision of the court of appeals in United States v. Morris, 429 F.3d 65, 66 (4th Cir. 2005), concluding that Booker was not to be applied retroactively to cases on collateral appeal, his amendment provides no basis for relief.

## RECOMMENDATION

On the basis of the foregoing findings of fact and conclusions of law, it is **RESPECTFULLY RECOMMENDED** that the relief sought in this §2255 proceeding be denied.

Movant and respondent are hereby notified that a copy of these Findings and Recommendation will be submitted to the Honorable Robert C. Chambers, United States District Judge, and that, in accordance with the provisions of Rule 8(b), Rules Governing §2255 Cases, the parties may, within thirteen days of the date of filing these Findings and Recommendation, serve and

---

it was not him." She also stated that she liked Sharp, but just couldn't "'complicate things by lying in court for him.'"

3

file written objections with the Clerk of this Court, identifying the specific portions of the Findings and Recommendation to which objection is made and the basis for such objection. The judge will make a de novo determination of those portions of the Findings and Recommendation to which objection is made in accordance with the provisions of 28 U.S.C. §636(b) and the parties are advised that failure to file timely objections will result in a waiver of their right to appeal from a judgment of the district court based on such Findings and Recommendation. Copies of objections shall be served on all parties with copies of the same to Judge Chambers and this Magistrate Judge.

      The Clerk is directed to file these Findings and Recommendation and to transmit a copy of the same to movant and all counsel of record.

DATED: August 3, 2006

_____
MAURICE G. TAYLOR, JR.
UNITED STATES MAGISTRATE JUDGE

4